UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.

PATRICK CRAIG HARRISON,

      Defendant.
_____/

Case No. 1:24-cr-026

Hon. Robert J. Jonker
United States District Judge

## DEFENDANT'S SENTENCING MEMORANDUM
## IN SUPPORT OF MOTION FOR VARIANCE

      The defendant, Patrick Craig Harrison, is scheduled for sentencing before Your Honor on November 8, 2024.  Mr. Harrison entered a guilty plea without the benefit of a Plea Agreement to the sole count of possession of child pornography, contrary to 18 U.S.C. § 2252A(a)(5)(B).  The Presentence Investigation Report (PSR) scores Mr. Harrison as total offense level 30 and a criminal history category I. (ECF No. 27, PageID.89).  Mr. Harrison's applicable guideline range is 97 to 121 months' imprisonment.  There are no objections to the report. Mr. Harrison, a first-time offender who accepted responsibility for his actions and who has not sexually abused any minors, respectfully requests that this Honorable Court grant a downward variance and impose a sentence below the applicable advisory guideline range for the reasons stated in this Sentencing Memorandum and based on § 3553(a) factors.

## Legal Discussion

Overall, as the Court is aware, the principle and basic mandate of 18 U.S.C. § 3553(a) requires this Honorable Court to impose a sentence "sufficient, but not greater than necessary" to comply with the four (4) purposes set forth in § 3553(a)(2):

> **§ 3553. Imposition of a sentence.**
>
> **(a) Factors to be considered in imposing a sentence.** – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. . .

18 U.S.C. § 3553(a)(2).

In *United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006), the Court held that after *United States v. Booker*, 543 U.S. 220 (2005), a judge must impose the lowest sentence that is "minimally sufficient" to meet those goals regardless of whether that sentence is probation, time served, a mandatory minimum sentence, the statutory

maximum, or somewhere in between.

## 18 U.S.C. § 3553(a) Factors

1. **(a) Nature and Circumstances of the Offense**

The investigation in this case started when case agents, while conducting an investigation on the Tor network, determined that Mr. Harrison was sharing child pornography images. Officers executed a search warrant at Mr. Harrison's residence and found a number of images and videos depicting child pornography. Mr. Harrison waived his *Miranda* rights and fully admitted his conduct. He admitted that for a period of approximately one to one and half years, he accessed the Tor network, watching videos of child pornography and downloading and saving those to a thumb drive which he identified for the agents. Mr. Harrison denied sexually abusing any minors and there is nothing in the record contradicting that. Mr. Harrison pleaded guilty to the offense of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Mr. Harrison is very remorseful for his conduct and states that he feels terrible about it.

**(b) History and Characteristics of the Defendant**

Mr. Harrison is 66 years old. He grew up in Michigan. He was raised by his mother and a father, in a stable home. He lived in a rural area and played outside in fields and streams, hunting, fishing, skiing, and playing sports. His family attended church on Sunday, followed by a Sunday dinner at his grandmother's home. Mr. Harrison stated that he "couldn't have asked for a better childhood." Although Mr. Harrison presents an idealistic account of his childhood, he might have an unresolved trauma from his childhood, as he stated to the officers who searched his home that he was sexually abused

3

by his brother when he was only nine years old. (ECF No. 27, PSR, PageID.75, ¶ 13).

Mr. Harrison graduated from high school and attended Grand Valley State University, which he stopped attending after he lost his financial aid. He mostly worked as a general laborer, in landscaping, and as a janitor. He has certificates in landscaping and greenhouse management.

Mr. Harrison has had significant issues with alcohol. His alcohol abuse contributed to the dissolution of his marriage. He participated in an intensive three-month substance abuse treatment in 2009. Mr. Harrison respectfully requests that the Court recommend substance abuse treatment in the Bureau of Prisons (BOP).

Mr. Harrison was married for 24 years. He and his wife continued living together after the divorce and still have a cordial relationship. They raised their son together. Mr. Harrison stated that his proudest accomplishment is raising his son to be a good person.

Mr. Harrison has good relationship with his sister, Holly Brock, age 72. She is legally blind, and Mr. Harrison spends a lot of time helping her when they were younger. Mr. Harrison also likes gardening, reading, woodworking, and listening to music.

As the above shows, Mr. Harrison is in many ways an ordinary man. But he also committed a crime, possession of child pornography, which is a serious offense. However, Mr. Harrison has never touched a child in an inappropriate manner. He has no prior criminal history of this nature. His only prior offense was in 2009, (approximately 15 years ago), operating vehicle while intoxicated. He has zero criminal history points. He cooperated with authorities, plead guilty, and admitted responsibility for his actions. He is remorseful for his actions.

> **2.** **The Need for the Sentence Imposed:**
> **(A) To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense;**
> **(B) To Deter the Defendant and Others from Committing Like Conduct;**
> **(C) To Protect the Public; and**
> **(D) To Provide the Defendant with Needed Rehabilitative Treatment in an Effective Manner**

A sentence well-below the advisory guideline range for Mr. Harrison—a first-time offender who accepted responsibility and has not sexually molested any minor, would accomplish all the purposes of the sentencing.

Mr. Harrison's base offense level is 18. If no specific offense characteristics applied, his total offense level, after the three-level adjustment for acceptance of responsibility, would be 15, which combined with criminal history category I, would produce a guideline range of 21 to 27 months. With the applicable enhancements to § 2G2.2 however, Mr. Harrison's offense level increased to 33 (before applying the reduction for acceptance of responsibility), increasing his guideline range almost five-fold, to 97 to 121 months. The specific enhancements applied are as follows:  § 2G2.2(b)(2) (prepubescent minor) +2; § 2G2.2(b)(3)(F) (distribution) +2; § 2G2.2(b)(4) (depictions of sadistic, masochistic or violent conduct) +4; § 2G2.2(b)(6) (use of computer) +2; § 2G2.2(b)(7)(A) (over 600 images) +5. (ECF No. 27, PSR, PageID.73-75, ¶¶ 18-38).

As the Sentencing Commission and many courts have recognized, these enhancements apply in nearly all cases and are poor proxy for dangerousness and recidivism. *United States v. Dorvee*, 616 F.3d 174, 186 (2d Cir. 2010); see also *United States v. Grober*, 595 F. Supp. 2d 382, 404 (D.N.J. 2008); *United States v. Grober*, 624

F.3d 592 (3d Cir. 2010);  United States Sentencing Commission, *The History of the Child Pornography Guidelines* (Oct. 2009), available at http://www.ussc.gov/general/20091030_History_Child_Pornography_Guidelines.pdf; U.S. Sent'g Comm'n, *Report to the Congress: Federal Child Pornography Offenses* (2012); Troy Stabenow, *A Method for Careful Study: A Proposal for Reforming the Child Pornography Guidelines*, 24 Fed. Sent'g Rep. 108, 124-25 (2011).

Rather than being aggravating factors, the enhancements applied here are inherently a part of the offense, applicable in just about any possession offense. *United States v. Grober*, 595 F. Supp. 2d 382, 397 (D.N.J. 2008), *aff'd,* 624 F.3d 592 (3d Cir. 2010). Their mechanical application can lead to the "utter travesty of justice that sometimes results from the guidelines' fetish with abstract arithmetic, as well as the harm that guideline calculations can visit on human beings if not cabined by common sense." *United States v. Adelson*, 441 F.Supp.2d 506, 512 (S.D.N.Y. 2006); *aff'd*, 301 Fed. Appx. 93 (2d Cir. 2008). As the Second Circuit stated in *Dorvee*, § 2G2.2 is "fundamentally different" from other Guidelines and, unless it is "applied with great care, can lead to unreasonable sentences that are inconsistent with what § 3553 requires." *United States v. Dorvee*, 616 F.3d 174, 184–86 (2nd Cir. 2010). The Second Circuit cautioned:

> An ordinary first-time offender is therefore likely to qualify for a sentence of at least 168 to 210 months, rapidly approaching the statutory maximum, based solely on sentencing enhancements that are all but inherent to the crime of conviction. Consequently, adherence to the Guidelines results in virtually no distinction between the sentences for defendants like Dorvee, and the sentences for the most dangerous offenders who, for example, distribute child pornography for pecuniary gain and who fall in higher criminal history categories. This result is fundamentally incompatible with § 3553(a).

*Dorvee*, 616 F.3d at 186–87.

Moreover, Mr. Harrison is a first-time offender, who pled guilty and accepted responsibility for his actions. There is not any evidence that he had ever molested a minor.

In addition, Mr. Harrison must register as a sex offender, which is public information, available to the community, and to his friends and neighbors. He will be subject to numerous onerous restrictions in residency, employment, associations and activities. "[T]he lasting effects of being required to register as a sex offender" is relevant to the "need" for the sentence imposed to reflect just punishment and is a relevant 3553(a) factor. See *United States v. Garate*, 543 F.3d 1026, 1028 (8th Cir. 2008); see also *United States v. Grober*, 595 F. Supp. 2d 382, 412 (D.N.J. 2008), *aff'd,* 624 F.3d 592 (3d Cir. 2010) (taking into consideration that defendant will be required to register as a sex offender).

For all these reasons, a sentence below the guideline range would reflect the seriousness of the offense, promote respect for the law, provide just punishment, and deter the defendant and others, and protect the public.

As part of any sentence imposed, Mr. Harrison respectfully requests that the Court recommend any and all vocational and educational opportunities available, as well as substance abuse programing.

### 3.   The Kinds of Sentences Available

The defendant is eligible for not less than one and not more than five years of probation because the offense is a Class C Felony under 18 U.S.C. § 3561(c)(1). (ECF No. 27, PSR, PageID.85, ¶ 86). The defendant is not eligible for probation under the Sentencing

Guidelines because his applicable guideline range is in Zone D of the Sentencing Table. (ECF No. 27, PSR, PageID.85, ¶ 87).

### 4. The Advisory Guideline Range as Expressing the Sense of the Legislature

The recommended guideline range is 97 to 121 months based upon a total offense level of 30 and a criminal history category of I. However, as argued above, the specific offense characteristics applied here are applied in most every possession case and are a poor proxy for the seriousness of the offense or predicting recidivism. As the Second Circuit stated, § 2G2.2 is "an eccentric Guideline of highly unusual provenance which, unless carefully applied, can easily generate unreasonable results." *United States v. Dorvee*, 616 F.3d 174, 188 (2d Cir. 2010).

### 5. Any Other Policy Statement

No other policy statement appears to be implicated here.

### 6. Unwarranted Disparities

Imposing a sentence within the guideline range in this case would result in unwarranted disparities. The typical child pornography offender is similarly situated to Mr. Harrison. He is a white, middle-aged male with little or no criminal history. See United States Sentencing Commission, Child Pornography, Quick Facts, available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Child_Pornography_FY23.pdf ("Quick Facts"). The enhancements applied here are typically applied in virtually all possession cases. *Grober*, 595 F. Supp. 2d at 397.

According to the Sentencing Commission, 57.1% of child pornography cases

8

received a downward variance, with an average sentence reduction of 38.8%. (Quick Facts). Further, 3.4% received some other downward departure; their average sentence reduction was 35.8%. *Id*. And 2.3% received a substantial assistance departure with an average sentence reduction of 37.6%. *Id*. Only 33.7 % of individuals sentenced for child pornography offenses were sentenced within the guideline range. *Id*. According to the Sentencing Commission, in fiscal year 2023, the average sentence for individuals convicted of possessing child pornography offenses with no mandatory minimum was 62 months. *Id*.

This massive scale of sentence reductions show that courts recognize that within-guidelines sentences are typically not unwarranted in these types of cases. Imposing a guideline sentence in this case would result in an unwarranted disparity.

## 7. Restitution

Restitution shall be determined by the Court.

## 8. An upward departure is not warranted; instead, the Court should impose a downward variance

As identified by the PSR, U.S.S.G. § 2G2.2, cmt. n.6(B)(ii) states that an upward departure may be warranted if the length of the visual depiction is substantially more than five minutes.  (ECF No. 27, PSR, PageID.86, ¶ 98). The Court should not impose an upward departure pursuant to this comment. The number of images, or length of videos, does not reflect culpability or risk of recidivism. Technological changes made child porn images and lengthy videos immediately and anonymously accessible, with a single click on a computer.

As argued in this brief, Mr. Harrison respectfully requests that the Court impose a

downward variance for the following reasons: the fact that Mr. Harrison cooperated with the authorities and at the first opportunity admitted his conduct and accepted responsibility; he has no prior convictions for similar offenses and has zero criminal history points; and he has expressed remorse for his actions. And perhaps most importantly, Mr. Harrison had no inappropriate sexual contact with any minor. Additionally, the Court should consider the flaws of § 2G2.2, "an eccentric Guideline of highly unusual provenance which, unless carefully applied, can easily generate unreasonable results." *Dorvee*, 616 F.3d at 188.

                                                Respectfully submitted,

                                                SHARON A. TUREK
                                                Federal Public Defender

Dated:  October 25, 2024            /s/ Helen C. Nieuwenhuis
                                                HELEN C. NIEUWENHUIS
                                                First Assistant Federal Public Defender
                                                50 Louis, NW, Suite 300
                                                Grand Rapids, Michigan 49503
                                                (616) 742-7420

                                                JASNA TOSIC
                                                Research and Writing Specialist